IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES H. FETZER, PH.D,

Plaintiff,

v.

RUMBLE, INC.,

Defendant.

OPINION AND ORDER

25-cv-674-wmc

---

Plaintiff James H. Fetzer, Ph.D, who represents himself, has filed a motion for leave to file an amended complaint and an amended "Statement of Claim." (Dkt. #7; Dkt. #8; Dkt. #9.) According to his proposed second amended complaint, plaintiff alleges that defendant Rumble, Inc., has violated state law by failing to prohibit harmful videos targeting him on "the Rumble platform." (Dkt. #9.) Consistent with W.D. Wis. Administrative Order 421, the court is required to confirm subject matter jurisdiction before issuing summons. (Dkt. #6.) Plaintiff asserts that federal jurisdiction is proper under 28 U.S.C. § 1332 based on diversity of citizenship among the parties. For reasons explained below, the court will grant plaintiff's request for leave to amend, but must dismiss the second amended complaint because his allegations are insufficient to plead diversity of citizenship and the complaint further fails to satisfy federal pleading standards. As such, plaintiff will be given an opportunity to file another amended complaint.

OPINION

"Federal courts are courts of limited jurisdiction." *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Word Seed Church v. Village of Hazel Crest*, 111 F.4th 814, 819 (7th Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Plaintiff's second amended complaint seeks declaratory and injunctive relief as well as damages for the following list of counts or claims for relief under state law: (1) breach of contract; (2) negligence; (3) failure to enforce terms of service; (4) aiding and abetting harmful conduct; and (5) "Privacy-Related Claims" that are unspecified.  (Dkt. #9, at 3-4.)  Plaintiff contends that diversity jurisdiction exists under 28 U.S.C. § 1332 because (1) amount in controversy exceeds $75,000 and (2) plaintiff resides in Wisconsin while defendant is a "Canadian-American" business headquartered in Toronto, with U.S. headquarters in Longboat Key, Florida.  (Dkt. #9, ¶¶ 5-7.)  To show that § 1332 applies, the party seeking to invoke federal jurisdiction has the burden to establish complete diversity, "meaning that no plaintiff may be from the same state as any defendant."  *Smart v. Local 702 Int'l Bhd. Of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009).  Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the case must be dismissed for want of jurisdiction.  *Id*.

Plaintiff alleges that defendant is a Canadian-American business and he assumes that it is a corporation.  If true, the citizenship of a corporation for diversity purposes is determined by both the state where the corporation is incorporated and the state where the corporation maintains its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  Plaintiff does not include this information in his amended complaint.  Moreover, the Seventh Circuit has cautioned that

"it is inappropriate simply to assume that any given business entity based outside the United States is a 'corporation' for the purpose of § 1332." *Sunny Handicraft (H.K.) Ltd v. Envision This! LLC,* 66 F.4th 1094, 1096 (7th Cir. 2023). To resolve this question, plaintiff will be given leave to file an amended complaint that affirmatively alleges how defendant is organized under Canadian law or presents a legal argument that it should be treated the same as a U.S. corporation for diversity purposes. *Signature Flight Support LLC v. Johnson Controls, Inc.*, 754 F. Supp. 3d 819, 822 (E.D. Wis. 2024). Plaintiff must also provide an address for service of process before summons can issue.

In addition, the current amended complaint fails to comply with Federal Rule of Civil Procedure 8(a), which requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). The primary purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Although the "notice pleading" of Rule 8 does not require "detailed factual allegations" supporting each element of a claim, it is not enough for a pleader to make "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts construe pro se complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), pro se plaintiffs still must provide enough facts to support a plausible claim for relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Plaintiff's proposed second amended complaint fails to satisfy Rule 8 because, in addition to his failure to establish diversity jurisdiction, the claims for relief asserted consist of no more than conclusory statements while incorporating "all prior paragraphs." (Dkt. #9, at

3-4.)  The result is an impermissible "shotgun pleading" that fails to provide adequate notice of the grounds on which each claim rests.  *SEC v. Winemaster*, 529 F. Supp. 3d 880, 906 (N.D. Ill. 2021) ("Shotgun pleading refers to a pleading style in which each count of the complaint incorporates by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged are not material to the claim, or cause of action, appearing in a count's heading.") (cleaned up).  Plaintiff's amended Statement of Claim (dkt. #7) is similarly unhelpful as there is no coherence between the narrative facts and the alleged wrongful conduct or claims asserted in the amended complaint.  *See Wilson v. Price*, 624 F.3d 389, 395 (7th Cir. 2010) ("The plaintiff[] may not avoid dismissal . . . simply by attaching bare legal conclusions to narrated facts which fail to outline the basis of their claims." (internal quotation omitted)).  For this additional reason, the amended complaint will be dismissed without prejudice, but with leave to amend.

ORDER

IT IS ORDERED that:

1. Plaintiff James H. Fetzer's motion to amend the complaint (dkt. #8) is GRANTED.

2. Plaintiff's second amended complaint (dkt. #9) is DISMISSED without prejudice, as set forth above.

3. Plaintiff shall have until August 10, 2026, to file an amended complaint containing allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332 and complies with Fed. R. Civ. P. 8. Should plaintiff fail to plead diversity of

4

citizenship adequately within the deadline, this matter will be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) without prejudice to re-filing in state court.

4. Plaintiff's motion to expedite jurisdictional screening (dkt. #10) is MOOT.

5. Plaintiff's motion to seal an exhibit (dkt. #13) is GRANTED.

Entered this 9th day of July, 2026.

BY THE COURT:

/s/

_____

WILLIAM C. CONLEY
District Judge

5